# RICHARD CARDINALE
ATTORNEY AT LAW
26 COURT STREET, SUITE 1815
BROOKLYN, NEW YORK 11242
(718) 624-9391

Facsimile: (718) 624-4701
E-mail: richcardinale@gmail.com

February 5, 2016

The Honorable Marilyn Dolan Go
United States Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

   Re: *Donawa v. City of New York, et al*, 15 CV 4406 (SJ) (MDG)

Your Honor:

   I represent the plaintiff in this civil rights case. I write to request that the Court order defendants to produce the discovery discussed below. I made an unsuccessful attempt to resolve my discovery disputes with defense counsel prior to seeking judicial intervention. First, I sent defense counsel a letter explaining my positions on his discovery responses. Defense counsel and I then spoke on the telephone about the discovery disputes. Defense counsel told me he would get back to me, but he never did despite my requests to him to call me.

   The following is a brief summary of the facts of this case. Plaintiff, a gainfully employed individual with no criminal record or arrest history, was arrested by defendants on April 4, 2015 for possession of a firearm that was found on a woman ("K.W."), who plaintiff had met earlier in the evening at a party and who was sitting in the front passenger seat of a taxi that K.W. was sharing with her friend ("N.M."), plaintiff, and plaintiff's friend ("C.S."). The Kings County District Attorney's Office declined to prosecute plaintiff, C.S. and N.M., but commenced prosecutions against K.W. and the taxi driver.

 A. **Defendants' Personnel Records**

   Defendants have produced the defendant officers' Civilian Complaint Review Board ("CCRB") histories, Internal Affairs Bureau ("IAB") histories, and Central Personnel Indexes ("CPI"), but these documents have been heavily redacted. I submit that my adversary should not be the arbiter of what complaints and events in the defendant officers' careers relate to plaintiff's allegations of false arrest, the making of false statements and dishonesty. I request that either Your Honor make the relevance determination by reviewing the documents *in camera*, or, in the alternative, that the documents be produced to me immediately in unredacted form on an "attorney's eyes" only basis.

   In addition, defendants should be ordered to produce the underlying CCRB, IAB and disciplinary *files* regardless of whether the allegations of police misconduct made against the

defendant officers were substantiated or unsubstantiated. "It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsubstantiated allegations of similar conduct." *Young v. City of New York*, No. 10 CV 1701, 2010 U.S. Dist. LEXIS 107208, at *3, 2010 WL 3938372 (S.D.N.Y. Oct. 7, 2010) (collecting cases). "Moreover, although not always explicit, it appears that in most of these cases the entire CCRB or IAB file was required to be produced, including the names of the complainants, subject to the invocation of privilege for specific documents." *Id.* (collecting cases).

Defense counsel will likely argue that the CCRB, IAB and disciplinary files should not be produced in order to protect the privacy of the complainants, but this disingenuous argument should be rejected, as it was in *Young*. *See Young,* 2010 U.S. Dist. LEXIS 107208 at *8 ("[T]he Court finds the City's purported interest in seeking to protect the privacy of individuals who filed complaints against police officers to be wholly unconvincing."). As one court has explained, "[t]he information in those records cannot lead to admissible evidence unless the plaintiff's counsel is able to offer testimony from those complainants and other witnesses at trial as was permitted in *Ismail* [*v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990)]. Therefore, the plaintiff must be provided with unredacted records that provide the names and contact information of complainants and other non-police department personnel." *Phillips v. City of New York*, 277 F.R.D. 82, 84 (E.D.N.Y. 2011); *Pacheco v. City of New York*, 234 F.R.D. 53, 55 (E.D.N.Y. 2006) ("the plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial…"); *Frails v. City of New York*, 236 F.R.D. 116, 118 (E.D.N.Y. 2006) (same).

Accordingly, the defendants should be ordered to produce the defendant officers' unredacted CCRB, IAB and disciplinary histories and the underlying files for all prior and post-incident complaints of illegal search and seizure and false arrest. The defendants should also be required to produce the files for all allegations made against the defendant officers that concern the making of false statements and any other acts that are probative of untruthfulness. *See Williams v. McCarthy*, No. 05 CV 10230, 2007 U.S. Dist. LEXIS 79151, at *8, 2007 WL 3125314 (S.D.N.Y. Oct. 25, 2007) ("Rule 608(b) provides that specific instances of a witness' conduct may 'in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (l) concerning the witness' character for truthfulness or untruthfulness ...'").

Finally, defendants should not be permitted to withhold documents concerning complaints and events that are more than 10 years old or that took place after the arrest of plaintiff. *See Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) ("Contrary to the defendants' contention, the age of CCRB complaints does not render the records less likely to lead to relevant or admissible evidence."); *Frails*, 236 F.R.D. at 118 (rejecting defendants' argument that the court should limit production of records of misconduct to the last ten years); *Fountain v. City of New York*, No. 03 CV 4526, 2004 U.S. Dist. LEXIS 12278, at *2, 2004 WL 1474695 (S.D.N.Y. June 30, 2004) ("Both CCRB and IAB records are … presumptively discoverable, regardless of the *age*, subject matter, or disposition of the underlying complaint") (emphasis added); *Bradley v. City of New York*, No. 04 CV 8411, 2005 U.S. Dist. LEXIS 22419, at *4, 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005) (pattern of complaints over twenty year period is "highly relevant"); *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990) (affirming trial court's admission into evidence of testimony from complainant in post-incident CCRB complaint);

*United States v. Germosen*, 139 F.3d 120, 128 (2d Cir. 1998) ("The fact that the [similar act] involved a subsequent rather than prior act is of no moment"); *United States v. Ramirez,* 894 F.2d 565, 569 (2d Cir. 1990) ("Subsequent act" evidence may be admitted under Rule 404(b)); *Barrett*, 237 F.R.D. at 41 ("CCRB investigations that post-date the filing of the current action could be relevant to this case and should be disclosed."); *Moore v. City of New York,* No. 05 CV 5127, 2006 U.S. Dist. LEXIS 24307, 2006 WL 1134146 (E.D.N.Y. April 27, 2006) (same).

**B. The NYPD Records Concerning Plaintiff's Co-Arrestees**

Plaintiff was arrested during the incident in question with four other individuals who were in the taxi with him on the date in question, including the driver. I am aware of the names of three of the four individuals from a FOIL request that I made to the Kings County District Attorney's Office prior to commencing this litigation.

I need to review the NYPD records and arrest reports concerning plaintiff's co-arrestees to learn what statements the defendant officers made in those records about plaintiff, plaintiff's co-arrestees and the incident at issue, to learn what plaintiff's co-arrestees were charged with, and to learn what statements or confessions were made by the co-arrestees, especially the owner of the firearm, K.W. Clearly, my request to review plaintiff's co-arrestees' records is reasonably calculated to lead to admissible evidence. To protect the privacy of the co-arrestees, I am willing to sign a stipulation of confidentiality and to maintain these records on an "attorney's eyes only" basis. The Court may also order redaction of the co-arrestees' names from the documents, but this is probably not necessary since I already know three out of the four names, including the driver.

Defendants objected to producing the co-arrestees records claiming they are irrelevant, that my request is overbroad and that the documents are protected from disclosure by the sealing provisions of C.P.L. §160.50. Defendants' relevance and overbreadth objections are patently frivolous and need not detain the Court. As for §160.50, it is well established "that New York State law does not govern discoverability and confidentiality in federal civil rights actions," *Cruz v. Kennedy*, No. 97 CV 4001, 1997 U.S. Dist. LEXIS 23012, at *4, 1997 WL 839483 (S.D.N.Y. Dec. 19, 1997) (citing *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)). Thus, numerous courts, including Your Honor, have ordered the City of New York and other law enforcement agencies to produce records concerning the arrests and prosecutions of individuals arrested and prosecuted with a civil rights plaintiff, even when those records have been sealed pursuant to §160.50. *See, e.g., Woodard v. City of N.Y.*, No. 99 CV 1123 (ILG) (MDG), 2000 U.S. Dist. LEXIS 5231, at *8-9, 2000 WL 516890 (E.D.N.Y. Mar. 10, 2000) ("District courts presented with the issue have found that it is within their power to issue an order compelling production of files in the custody of the district attorney and sealed pursuant to C.P.L. § 160.50."); *Cruz*, 1997 U.S. Dist. LEXIS 23012 at *7 (Because, in part, "the instant action involves allegations of wrongdoing on the part of state officers, I conclude that New York Criminal Procedure Law § 160.50 cannot bar disclosure of the NYCDA file."); *Howard v. City of New York*, 2013 U.S. Dist. LEXIS 6861, at *5, 2013 WL 174210 (S.D.N.Y. Jan. 16, 2013) ("[T]he privilege created by Section 160.50 must be construed narrowly, and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact.") (internal quotation marks and citations omitted); *Haus v. City of New York*, 2006 U.S. Dist. LEXIS 23006, at *8, 2006 WL 1148680 (S.D.N.Y. Apr. 17, 2006) ("[T]he federal courts, when addressing

3

demands for production of such arrest documents, have commonly rejected confidentiality arguments premised on section 160.50(1)(c) even without redaction of arrest documents."); *MacNamara v. City of N.Y.*, No. 04 CV 9612, 2006 U.S. Dist. LEXIS 82926, 2006 WL 3298911 (S.D.N.Y. Nov. 13, 2006) .

Accordingly, because plaintiff's case presents a substantial federal question involving a person's constitutional rights, defendants should be required to produce the police and arrest reports of plaintiff's co-arrestees regardless of whether they are sealed.

**C. List of Plaintiff's Offenses**

Defendants have asserted the affirmative defense that they had probable cause to arrest plaintiff. Plaintiff therefore propounded an interrogatory to learn which offenses defendants claim plaintiff committed on the date in question. Plaintiff's interrogatory and defendants' response is as follows:

> INTERROGATORY NO. 3: Identify each crime, violation and traffic offense that members of the NYPD observed plaintiff commit on the date of his arrest.
>
> OBJECTION AND RESPONSE TO INTERROGATORY NO. 3: Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, and to the extent that it calls for a narrative. Notwithstanding and without waiving these objections and the General Objections, defendants refer plaintiff to defendants' FED. R. CIV. P. 26(a)(1)(A)(i) disclosures, served on November 19, 2015 ("Initial Disclosures"), particularly the "Charges" and "Details" section of the document bearing Bates No. DEF 1 for information responsive to this interrogatory. Defendants reserve the right to supplement this response at a later date, if appropriate.

Defendants' response is insufficient and does not provide plaintiff with the information that he needs to succeed at trial. At trial, the Corporation Counsel's office will likely argue that even if the defendant officers lacked probable cause to arrest plaintiff for the crimes he was charged with, the arrest is nevertheless valid because there was probable cause to arrest plaintiff for some other offense not thought of, or not invoked, at the time of the arrest by the officers. *See Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) (probable cause to arrest need not be based upon the offense invoked by the arresting officer); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("We thus hold, following *Devenpeck*, that a plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest.").

Accordingly, defendants should be required to fully and comprehensively answer plaintiff's interrogatory 3 and should not be permitted to avoid answering the interrogatory by referring plaintiff to plaintiff's arrest reports which list only the charges invoked by the defendant officers at the time of arrest. *See Cayemittes v. City of New York*, No. 15 CV 2364, 2015 U.S. Dist. LEXIS 172933 (E.D.N.Y. Dec. 29, 2015) (ordering defendants to provide a substantive response to an interrogatory asking defendants to "[i]dentify all crimes, offenses, and

4

unlawful conduct for which defendants are claiming they had probable cause to arrest plaintiff at the time of the Arrest, and for each such crime or offense, set forth the applicable statutory code or provision.").

### D. Overtime Compensation

Plaintiff propounded an interrogatory asking defendants whether they earned overtime compensation in connection with his arrest and plaintiff made a document request for defendants' overtime records. Defendants objected to producing this information. It is a reasonable inference that the reason that the defendant officers arrested plaintiff and the others in the taxi for possession of a firearm when they already knew that the perpetrator was the woman in the front seat who was carrying the firearm, K.W., was because defendants were seeking to earn overtime compensation from the additional arrests. Thus, defendants had a motive to make a baseless arrest. Accordingly, defendants should be directed to answer whether they received overtime compensation in connection with plaintiff's arrest and attempted prosecution and they should be required to produce their overtime records.

### E. Waiver of Objections

Plaintiff's discovery requests were served on November 18, 2015. I sent defense counsel an email on January 7, 2016, reminding him that his responses were overdue and that all potential objections have been waived. I sent defense counsel another email on January 22, 2016 regarding discovery and informed him that, even though I agreed to give him more time to respond, I was maintaining my position that any objections have been waived. On January 28, 2016, defendants finally served their discovery responses, which contained objections to each and every one of plaintiff's interrogatories and document requests.

Because of the untimeliness of defendants' discovery responses, the Court should deem all of defendants' discovery objections waived and order defendants to serve amended responses without objections. *See Senat v. City of New York*, 255 F.R.D 338 (E.D.N.Y. 2009) (precluding an Assistant Corporation Counsel from objecting to a plaintiff's discovery requests because of the untimeliness of his responses); *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2003 U.S. Dist. LEXIS 19247, at *2, 2003 WL 22455224 (S.D.N.Y. Oct. 20, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver"); *Carr v. Queens-Long Island Med. Group, P.C.*, Nos. 99 CV 3706, 02 CV 1676, 2003 U.S. Dist. LEXIS 974, at *15, 2003 WL 169793 (S.D.N.Y. Jan. 24, 2003) ("The failure to provide discovery responses in a timely fashion is a basis for deeming objections waived."); Fed. R. Civ. P. 33(b)(4) (untimely objections to interrogatories are waived); *Mojica v. City of New York*, No. 14 CV 2399, Order (E.D.N.Y. Dec. 5, 2014) ("Defendants' objections to the discovery requests are deemed waived, other than those based on privilege. Written responses to the interrogatories and document requests, along with all responsive documents must be received by December 23, 2014. Failure to respond accordingly may result in sanctions against defendants and defendants' counsel, including a recommendation that judgment be entered promptly.").

**F.  Assumes Facts Not Established**

Throughout their discovery responses, defendants have interposed the objection "assumes facts not established" to plaintiff's interrogatories and document requests.  At least one court has already warned the Corporation Counsel's Office that the objection "'assumes facts not established' is frivolous since the purpose of discovery is to learn facts."  *Hamilton v. Kerik*, No. 01 CV 6934, 2002 WL 31834428, at *1 n.2 (S.D.N.Y. Dec. 17, 2002).   Plaintiff requests that the Court overrule this frivolous objection and warn the Corporation Counsel's Office that future use of this objection may result in sanctions.

**G.  Conclusion**

For the foregoing reasons, plaintiff's motion to compel should be granted in its entirety.

Respectfully,

/s/

Richard Cardinale

Copy: David Cooper