

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DAVID COOPER
*Assistant Corporation Counsel*
phone: (212) 356-3535
fax: (212) 356-3509
email: dcooper@law.nyc.gov

February 12, 2016

VIA ECF
The Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re: <u>Gregory Donawa v. City of New York, et al.</u>, No. 15-CV-4406 (SJ) (MDG)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, writing on behalf of defendants City of New York ("City"), Detective Anthony Biondolillo, Detective Gerald Cucchiara, Jr., and Detective Jay Richiez (collectively, "defendants") in the above-referenced case. I respectfully write to respond to plaintiff's Motion to Compel dated February 5, 2016.

        **A. Defendants request that the Court deem their Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to be timely.**

        As an initial matter, defendants wish to address plaintiff's assertion that defendants' objections Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Interrogatories and Document Requests") are deemed waived. Plaintiff emailed his Interrogatories and Document Requests on November 18, 2015. That day, I informed plaintiff that I would prefer to be served with those documents at the Initial Conference scheduled for November 19, 2015. Plaintiff did so, and thirty days from the date of proper service was Saturday, December 19, 2015. Because of the intervening weekend, responses were not due until December 23, 2015. Unfortunately, due to an oversight defendants did not respond to the Interrogatories and Document Requests on that date, in part because of the Christmas-New Year holiday season.

        On January 7, 2016, plaintiff first informed the undersigned that responses to the Interrogatories and Document Requests were overdue and that he (unilaterally) deemed any

objections waived.  That same day, I responded to plaintiff's email, apologized for the delay, and offered to have defendants' responses produced by January 13, 2016, and plaintiff responded shortly afterwards and informed defendants that they could take longer than January 13, 2016 if necessary.  On January 21, 2016, after defendants conveyed a settlement offer which plaintiff apparently regards as "nuisance value," plaintiff's counsel then renewed his waiver argument.  Defendants produced their Responses to the Interrogatories and Document Requests on January 28, 2016.

Although the Federal Rules of Civil Procedure suggest that untimely objections are waived, such a waiver is not automatic.  See FED. R. CIV. P. 33(b)(4) (stating that a Court may excuse untimeliness of objections); see also Melendez v. Grenier, No. 01 CV 7888 (SAS) (DF), 2003 U.S. Dist. LEXIS 19084, at *5-6 (S.D.N.Y. Oct. 23, 2003) ("Objections that are not timely stated *may* be deemed waived.") (emphasis added).  In fact, "[a] party's failure to respond to discovery demands within the required time frame may, however, be excused by the Court for good cause."  See Melendez, 2003 U.S. Dist. LEXIS 19084, at *6; see also Davis v. City of New York, No. 86 CV 6345 (SWK), 1988 U.S. Dist. LEXIS 3745, at *6 (S.D.N.Y. Apr. 27, 1988) ("It is well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion.")

Here, defendants mistakenly missed the thirty-day deadline by a mere two weeks, and addressed the matter as soon as plaintiff mentioned it.  Plaintiff and defendants then agreed that defendants' responses could be produced later than defendants' proposed January 13, 2016 deadline, and plaintiff did not mention the issue again until after defendants conveyed their alleged "nuisance value" offer.  Additionally, plaintiff has not demonstrated any prejudice to him whatsoever as a result of the Interrogatories and Document Requests being served on January 28, 2016.  See Melendez, 2003 U.S. Dist. LEXIS 19084, at *8 ("[Plaintiff] has not demonstrated that defendants' delay in responding to his discovery demands has been prejudicial to him in any way.").  Plaintiff's deposition is not scheduled to occur until February 26, 2016, and defendants are making arrangements for the individual officers' depositions to take place in March.  Because plaintiff has the opportunity to resolve any alleged issues with the Responses to the Interrogatories and Document Requests well in advance of even plaintiff's deposition, defendants respectfully submit that plaintiff has suffered no prejudice.

### B. Plaintiff's request for the individual officers disciplinary records is too broad and must be limited.

Regarding Detective Biondolillo, Detective Cucchiara, Jr., and Detective Richiez, plaintiff requests unfettered access to "the underlying CCRB, IAB and disciplinary *files* regardless of whether the allegations of police misconduct made against the defendant officers were substantiated or unsubstantiated."  (See ECF No. 14, Pl.'s Mot. to Compel, at 1-2.)  Notwithstanding the various objections asserted to these Document Requests, defendants agreed to provide information regarding prior substantiated and unsubstantiated incidents of discipline of a similar nature (namely, false arrest) or false statements within ten years before the alleged incident for the individual defendants, upon entry of a suitable Stipulation and Protective Order.  Plaintiff's request that defendants effectively provide all information, including underlying documents, about every single disciplinary event or complaint related to each officer is irrelevant

and not proportional to the needs of this case without the limitations suggested by defendants. Second Circuit case law supports the limitations proposed by defendants.

The "prevailing practice" in the Second Circuit is to limit discovery of a defendant's disciplinary history to substantiated and unsubstantiated complaints similar to the conduct alleged in the complaint. Gibbs v. City of New York, No. 06-CV-5112 (ILG) (VVP), 2008 U.S. Dist. LEXIS 8111, at *4-5 (E.D.N.Y. Feb. 4, 2008) (citing Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007)); Pacheco v. City of New York, 234 F.R.D. 53, 55 (E.D.N.Y. 2006); Younger v. City of New York, No. 03 Civ. 8985, 2006 U.S. Dist. LEXIS 25879, at *3 (S.D.N.Y. May 2, 2006); Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006); Haya v. City of New York, No. 93 CV 7754, 1995 U.S. Dist. LEXIS 7020, at *1-2 (S.D.N.Y. May 24, 1995). Additionally, several of the complaints and investigations are open allegations, therefore the law enforcement privilege precludes the parties from obtaining information about these complaints and investigations. See, e.g., In re Dep't of Investigation., 856 F.2d 481, 483-84 (2d Cir. 1988). Moreover, there are multiple named defendant officers in this case. Requesting the underlying records for each CCRB and IAB investigation involving all defendant officers is an unduly burdensome request.

Plaintiff has failed to explain how the wholesale production of the defendant officers' disciplinary information is relevant or necessary to this litigation, or how said information could lead to the discovery of information relevant to the instant litigation or be admissible at trial. Nor has plaintiff shown that he cannot prove his case without the requested information. Indeed, plaintiff has not demonstrated any need whatsoever for the sought after-documents. Defendants can only assume that Plaintiff intends to use such information as evidence of prior bad acts. However, such evidence is clearly precluded under Rule 404(b) of the Federal Rules of Evidence since the only use of the evidence would be to demonstrate that the officers have a propensity to falsely arrest. Accordingly, such evidence would not be admissible at trial, and therefore, should not be discoverable. See Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to FED. R. EVID. 404(b) and FED. R. EVID. 403).

Defendants have already produced—subject to the limitations set forth above— the Civilian Complaint Review Board ("CCRB") Officer Histories and the Internal Affairs Bureau ("IAB") Officer Resumes for all three individual defendants, and the Central Personnel Index ("CPI") for Detective Anthony Biondolillo. Defendants are continuing to search for CPIs for Detective Gerald Cucchiatra, Jr. and Detective Richiez and will produce those documents, subject to the above limitations, once they are received and reviewed. Therefore, defendants respectfully request that plaintiff's motion to compel the much broader range of disciplinary information proposed by plaintiff for all named defendants in this case be denied.

### C. Defendants are barred from releasing sealed arrest records to plaintiff by N.Y. CRIM. PROC. LAW § 160.50 without a Court Order.

Plaintiff additionally requests the New York City Police Department ("NYPD") records and arrest reports concerning plaintiff's co-arrestees. (See ECF No. 14, Pl.'s Mot. to

3

Compel, at 3.) The NYPD documents that plaintiff has requested are sealed pursuant to N.Y. CRIM. PROC. LAW § 160.50. N.Y. CRIM. PROC. LAW § 160.50 provides, in relevant part:

> Upon termination of a criminal action or proceeding against a person in favor of such a person . . . all official records and papers . . . relating to the arrest or prosecution [shall be sealed, and shall not be] made available to any person or public or private agency . . . but only to the person accused or to such person's designated agent.

Plaintiff argues that "defendants should be required to produce the police and arrest reports of plaintiff's co-arrestees regardless of whether they are sealed," defendant cannot produce the sealed records at this time. "The purpose of the provision is to ensure 'that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.'" Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (quoting MacNamara v. City of New York, No. 04 Civ. 9612, 2006 U.S. Dist. LEXIS 82926, at *1 n.1 (S.D.N.Y. Nov. 13, 2006)). The fact that plaintiff's counsel is aware of the names of several of plaintiff's co-arrestees does not remove the protections of N.Y. CRIM. PROC. LAW § 160.50. Nor does it provide a basis for defendants to disregard N.Y. CRIM. PROC. LAW § 160.50.

Although plaintiff notes that "numerous courts, including Your Honor, have ordered the City of New York and other law enforcement agencies to produce records concerning the arrests . . . of individuals . . . even when those records have been sealed pursuant to §160.50," the operative word is "ordered." As Woodward v. City of New York, No. 99-CV-1123 (ILG) (MDG), 2000 U.S. Dist. LEXIS 5231, at *8-9 (E.D.N.Y. Mar. 10, 2000) holds, "District Courts presented with the issue have found that it is within their power to issue an order compelling production of file . . . sealed pursuant to" N.Y. CRIM. PROC. LAW § 160.50. See Woodward, 2000 U.S. Dist. LEXIS 5231, at *8-9. However, until such an order issues, defendants respectfully submit that they are barred by N.Y. CRIM. PROC. LAW § 160.50 from producing the sealed records.

### D. Plaintiff has other means available to him to learn the list of offenses for which there was probable cause to arrest on April 4, 2015.

Plaintiff's Interrogatory No. 3 requests that defendants "[i]dentify each crime, violation and traffic offense that members of the NYPD observed plaintiff commit on the date of his arrest." In Defendants' Objection and Response to Interrogatory No. 3, defendants referred plaintiff to plaintiff's arrest paperwork, particularly the section of the NYPD Arrest Report that detail the arrest charges against plaintiff. Defendants respectfully submit that these responses provide the information requested in Interrogatory No. 3. Further, the individual defendants will be available for depositions. Therefore, in addition to defendants' written responses, plaintiff will have an opportunity to ask the officers further questions about the arrest at issue. Defendants have not refused to provide this information to plaintiff, therefore plaintiff's motion to compel on this point is inappropriate.

### E. The basis for plaintiff's request for overtime records is speculative.

Regarding plaintiff's request for the individual defendants' overtime compensation records, plaintiff asserts that it is a "reasonable inference that the reason that the defendant officers arrested plaintiff and the others in the taxi for possession of a firearm when they already knew that the perpetrator was the woman in the front seat . . . was because defendants were seeking to earn overtime compensation from the additional arrests." (See ECF No. 14, Pl.'s Mot. to Compel, at 5.) This is pure speculation, and ignores the fact that the defendant officers had—at the very least—qualified immunity to arrest all occupants of the car because no one admitted ownership over the firearm. Because of the speculative nature of the basis for this request, defendants respectfully submit that they should not be compelled to produce the records sought.

Thank you for your consideration in this regard.

Respectfully submitted,

/s/

DAVID COOPER
Assistant Corporation Counsel
Special Federal Litigation Division

To:   VIA ECF
      Richard J. Cardinale
      The Law Firm of Richard J. Cardinale
      26 Court Street
      Suite 1815
      Brooklyn, NY 11242

5