# RICHARD CARDINALE
## ATTORNEY AT LAW
### 26 COURT STREET, SUITE 1815
### BROOKLYN, NEW YORK 11242
### (718) 624-9391

Facsimile: (718) 624-4701
E-mail: richcardinale@gmail.com

February 12, 2016

The Honorable Marilyn Dolan Go
United States Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

   Re: *Donawa v. City of New York, et al*, 15 CV 4406 (SJ) (MDG)

Your Honor:

   I represent the plaintiff in this civil rights case. This reply letter is submitted in further support of plaintiff's motion to compel. My reply will address two points raised by defendants in their letter in opposition.

   First, defendants have invoked the "law enforcement privilege" as an alleged bar to producing *open* police misconduct complaints that are pending against the defendants. This argument should be rejected for two reasons. First, defendants have failed to provide a privilege log as required by Local Civil Rule 26.2. "A party's failure to produce this log results in a waiver of any privilege that might otherwise be asserted." *PKF Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 93 CV 5375, 1996 WL 525862, at *3 (S.D.N.Y. Sept. 17, 1996), *aff'd sub nom., Pkfinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 WL 675772 (S.D.N.Y. Nov. 21, 1996) (collecting cases); *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 66 (E.D.N.Y. 2007) (same). Second, defendants, other than invoking the law enforcement privilege in a conclusory manner, have failed to demonstrate how producing the discovery requested would reveal confidential law enforcement techniques and practices, which is what the law enforcement privilege is all about. Requiring defendants to produce mere interviews of complainants and witnesses to alleged police misconduct, which is what the files at issue consist of, would not reveal any confidential law enforcement techniques and practices. Thus, the privilege is inapplicable.

   Finally, plaintiff should not be required to wait for depositions to ask the defendants to identify which offenses defendants claim plaintiff committed on the date of his arrest. I need this information beforehand to prepare for defendants' and plaintiff's depositions. Moreover, I would like this information in an interrogatory answer. The law is this area is clear. Interrogatories must be answered "fully in writing under oath," Fed R. Civ. P 33(b)(3), and "in a form suitable for use at trial." *Kenneth v. Nationwide Mut. Fire Ins. Co.*, No. 03 CV 521, 2007 WL 3533887, at *16 (W.D.N.Y. Nov. 13, 2007). And, as Magistrate Judge Reyes held in a 2006

case involving the Office of the Corporation Counsel, "to the extent that defendants have refused to provide substantive answers to each of the interrogatories, and instead contend that there is 'a more practical method of obtaining the information sought,' presumably by deposition, their responses are deficient and their objections are overruled." *Smith v. City of New York*, No. 04 CV 2663, 2006 WL 2516479, at *1 (E.D.N.Y. Aug. 29, 2006). Indeed "depositions are expensive propositions and verified answers to interrogatories can be a much more efficient way to obtain the evidence sought." *Id.*

For the reasons stated in this reply and in plaintiff's opening letter, plaintiff's motion to compel should be granted in its entirety.

                Respectfully,

                /s/

                Richard Cardinale

Copy: David Cooper